UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
J & J SPORTS PRODUCTIONS, INC., as

                                      08 CV 1077 (DGT)(ETB)

                  Plaintiff,

    -against-                          **ANSWER, AFFINITIVE**
                                        **DEFENSES, AND JURY**
                                        **DEMAND**

SUMMIT ENTERTAINMENT CORPORATION
d/b/a GENTLEMAN'S QUARTERS
and PHILLIP TRICOLLA

                  Defendants.

-------------------------------------------------------------------------- x

      Defendants, (i) Summit Entertainment Corporation d/b/a Gentleman's Quarters and (ii) Phillip Tricolla by their attorneys the Law Offices of Glenn A. Wolther and Mehler & Buscemi, as and for their Answer to the Complaint respectfully allege, upon information and belief,  as follows:

1.     Admit that plaintiff claims that this action is brought pursuant to  47 U.S.C. § 605 and 553, as alleged in paragraph "1" of the Complaint.  The averments constitute legal conclusions to which no further response is required.

2.     Admit the plaintiff alleges in paragraph "2" of the Complaint that this Court has jurisdiction under 28 U.S.C. §1331 and 47 U.S.C. §§605 and

553. to determine federal questions. The averments constitutes legal conclusion to which no further response is required.

3. Admit the averments set forth in paragraph "3" of the Complaint that plaintiff claims that this Court's venue is based upon Title 28 U.S.C. Section 1391(b).

4. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "4" of the Complaint.

5. Admit.

6. Deny to the extent the averment contemplates that Phillip Tricolla was the "owner" of Summit Entertainment Corporation. Admit to the extent that that Mr. Tricolla is a shareholder in Summit Entertainment Corporation.

7. The paragraph does nor require a response.

8. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "8" of the Complaint

9. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "13" of the Complaint. Admit that defendants did not contact "J & J Sorts Productions, Inc."

14. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "20" of the Complaint.

21. In response to the averments set forth in paragraph "21" of the Complaint, Defendants hereby repeat and re-allege the responses set forth in paragraphs "1" through "20" of this Answer, inclusive of all subparts, as if fully set forth herein.

22. The averments in paragraph 22 of the complaint constitute legal conclusions to which no further response is required. Defendants respectfully refers the Court to 47 U.S.C. §605 regarding the contents of that section.

23. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "23" of the Complaint.

24. The averments in paragraph 24 of the complaint constitute legal conclusions to which no further response is required. Defendants respectfully refers the Court to 47 U.S.C. §605(d)(6) regarding the contents of that section.

25. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "27" of the Complaint.

28. In response to the averments set forth in paragraph "28" of the Complaint, Defendants hereby repeat and re-allege the responses set forth in paragraphs "1" through "27" of this Answer, inclusive of all subparts, as if fully set forth herein.

29. The averments in paragraph 22 of the complaint constitute legal conclusions to which no further response is required. Defendants respectfully refers the Court to 47 U.S.C. §553(1) regarding the contents of that section.

30. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "36" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38. The complaint fails to state a claim upon which relief can be granted against Phillip Tricolla individually, as he is not a proper party to this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39. The court does not have personal jurisdiction over Philip Tricolla individually, as he is has not properly been served with process in this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40. Plaintiff cannot recover under both 47 U.S.C. §553 *et seq*. and 47 U.S.C. §605 *et seq*.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41. This action may be barred in whole or part by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42. Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of the defendants' acts or omissions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff lacks standing to commence this action.

44. Pursuant to Fed. R. Civ P. 38 Defendants demand a trial by jury, on all issues so triable, in this action.

**WHEREFORE**, Defendants, respectfully request: that this Court enter judgment dismissing the Complaint, together with costs and disbursements, and such other further relief as the Court deems just and proper.

Dated: New York, New York
       May 12, 2008

                                    Law Office of Glenn A. Wolther
                                    Lead Counsel

                       By:    <u>s/s Glenn A. Wolther</u>
                               Glenn A. Wolther [GW-5740]
                               Law Office of Glenn A. Wolther
                               305 Broadway, Suite 1102
                               New York, New York 10007
                               (212) 964-2120
                               *Lead Counsel to be noticed*

Martin P. Mehler[MM-0165]
Mehler & Buscemi
305 Broadway, Suite 1102
New York, NY 10007
Tel: (212) 962-4688